JUDGE KOELTL

2100-11
LAKIS LAW OFFICES, PC
145 N. Franklin Tpke, Suite 122
Ramsey, NJ  07446
Tel: 201-962-9300
Fax: 201-962-9301



13 CIV 901

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
CERTAIN UNDERWRITERS AT LLOYDS
SUBSCRIBING TO POLICY NO. 10RTS8003
A/S/O RICHPOWER INDUSTRIES, INC.,

       Plaintiff,

- against -

M/V MSC SINDY, her engines, tackle, boiler, etc.,
and MEDITERRANEAN SHIPPING COMPANY
S.A.,

       Defendants.
-----------------------------------------------------------x

Case No.

ECF Case

**VERIFIED COMPLAINT**

  Plaintiff, Certain Underwriters at Lloyds subscribing to Policy No. 10RTS8003 a/s/o Richpower Industries, Inc. ("Plaintiff"), by its attorneys Lakis Law Offices, PC, alleges for its Complaint against defendants M/V "MSC SINDY", her engines, tackle, boiler, etc. (the "Vessel") and Mediterranean Shipping Company S.A. ("MSC") upon information and belief as follows:

  1. This Court has jurisdiction pursuant to 28 USC § 1333 in that this is an Admiralty and Maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

  2. Plaintiff is, and was at all material times hereinafter mentioned, a corporation or other business entity duly organized and existing according to law with an

office and place of business located at St. Helens, 1 Undershaft, London EC3A 8EE, United Kingdom.

3. Defendant MSC is, and was at all material times hereinafter mentioned, a corporation or other business entity with an office and place of business located at Mediterranean Shipping Company (USA) Inc., 420 Fifth Avenue, New York, New York 10018.

4. Defendant MSC is, and was at all material times hereinafter mentioned, engaged in business as a common carrier of merchandise by water for hire, and owned, operated, managed, chartered and/or controlled the Vessel, which now is or will be within the jurisdiction of this Court during the pendency of this action.

5. On or about June 28, 2011, at Shanghai, China, there was delivered to the Vessel and defendant MSC a shipment totaling 1114 cartons of tools, all in good order and condition, and identified by Bill of Lading No. MSCUD8888051 dated June 28, 2011, which Goods as described in the said Bill of Lading defendants then and there received, accepted, and agreed to transport as common carriers aboard the Vessel from Shanghai to the Port of Baltimore, Maryland, and then on-carry to Pittsburgh, Pennsylvania, and there deliver the same in like good order and condition as when shipped, all in consideration of agreed freights thereupon paid or agreed to be paid, and in accordance with the valid terms of the said Bill of Lading.

6. Thereafter, the Vessel having on board the said Goods sailed from the Port of Shanghai and arrived at the Port of Baltimore on or about July 31, 2011, and the Goods were discharged from the Vessel, the Goods at all times remaining in the care,

custody, possession and control of defendant MSC and/or its servants, agents or subcontractors, under the Bill of Lading.

7. Defendant MSC, and/or its servants, agents, or subcontractors, then carried the shipment over land from the Port of Baltimore to the place of delivery under the aforementioned Bill of Lading in or around Pittsburgh, Pennsylvania and made delivery of the Goods on or about August 9, 2011, but not in the same good order and condition as when the Goods were delivered to the Vessel and defendant MSC, but rather in a damaged and wetted condition.

8. Defendants had duties under the Bill of Lading and the U.S. Carriage of Goods by Sea Act ("COGSA") to properly and carefully load, handle, stow, carry, keep, care for, discharge and deliver the Goods carried in the same good order and condition as when tendered and accepted by defendants at Shanghai, China, to exercise due diligence to keep the Vessel seaworthy, properly man, equip, and supply the Vessel, and make all parts of the Vessel carrying the Goods fit and safe for their reception, carriage and preservation, and other duties.

9. Defendants breached their duties aforesaid and were otherwise negligent, in breach of contract, and at fault for the damage to the Goods.

10. Defendants' breaches of duty, breaches of contract, negligence, failures, actions and omissions herein resulting in damage to the Goods which are the subject of this action create a preferred maritime lien in favor of Plaintiff and against the Vessel *in rem*.

11. Plaintiff is the subrogated marine cargo insurance underwriter for the shipper, consignee, owner or other party with a proprietary or ownership interest in the

Goods who is also a party to and/or a third party beneficiary of Bill of Lading No. MSCUD8888051 issued by defendant MSC, and Plaintiff is a real party in interest.

12. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the Goods which are the subject of this lawsuit, as their respective interest may ultimately appear, and Plaintiff is entitled to bring and maintain this action.

13. Plaintiff and those on whose behalf Plaintiff brings this action have duly performed all duties and obligations on their part to be performed.

14. By reason of the premises, Plaintiff has suffered damages in the sum of $75,849.80, as nearly as may now be determined, no part of which has been paid, although payment thereof has been duly demanded.

WHEREFORE, Plaintiff prays:

1. That process in due form of law according to the practice of this Court may issue against defendant Mediterranean Shipping Company S.A., citing it to appear and answer under oath all and singular the matters aforesaid;

2. That process in due form of law according to the practice of this Court may issue against the M/V MSC SINDY, in rem, and that all persons having or claiming any right, title, or interest therein be cited to appear and answer all and singular the matters aforesaid, and that the said Vessel may be condemned and sold to pay the demands aforesaid;

3. That the Court will order, adjudge, and decree that the defendants pay to plaintiff the damages sustained, together with interest and the costs and disbursements of this action and reasonable attorneys' fees; and

4. That Plaintiff may have such other and further relief as the Court deems just and proper.

Dated: Ramsey, New Jersey
       February 6, 2013

LAKIS LAW OFFICES, PC
*Attorneys for Plaintiff*
*Certain Underwriters at Lloyds*
*Subscribing to Policy No.*
*10RTS8003 a/s/o Richpower*
*Industries, Inc.*

By: _____
William E. Lakis (WEL-9355)
Lakis Law Offices, PC
145 N. Franklin Tpke, Suite 122
Ramsey, NJ  07446
Tel:  201-962-9300
Fax: 201-962-9301

To: Attn: Byron E. Countryman, Esq.
    Law Offices of Countryman & McDaniel
    5933 West Century Blvd., Suite 1111
    Los Angeles, CA  90045
    *Co-Counsel for Plaintiff*
    *Certain Underwriters at Lloyds*
    *Subscribing to Policy No.*
    *10RTS8003 a/s/o Richpower Industries, Inc.*

## VERIFICATION

STATE OF NEW JERSEY )
                    :SS.
COUNTY OF BERGEN    )

William E. Lakis, duly sworn, deposes and says:

He is the principal attorney in the firm of Lakis Law Offices, PC, attorneys for the plaintiff herein; he has read the foregoing Complaint and knows the contents therof; and that the same is true to his own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters, he believes them to be true.

The reason this Verification is made by deponent and not by plaintiff is that plaintiff is a corporation or other business entity, none of whose offices is now within this District.

The sources of deponent's information and the grounds for his belief as to those matters stated in the Complaint to be alleged on information and belief are documents and records in his files.

_____
William E. Lakis

Sworn to me before this

10th day of Feb, 2013

_____
Notary Public

SUZIE B TAOUCH
Notary Public
State of New Jersey
My Commission Expires Dec 11, 2013

6